IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS SAVAGE, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-1076-F ) |
| D. T. MARSHALL, et al., | ) ) |
| Respondents. | ) |

**ORDER**

This cause of action is before the court on a 28 U.S.C. § 2254 petition filed by Thomas Savage ["Savage"], a pre-trial detainee confined in accordance with orders of the Circuit Court of Montgomery County, Alabama related to an assault charge. In this petition, Savage alleges that the respondents have failed to provide him with evidence which could prove favorable to his defense. *Petition for Habeas Corpus Relief* at 5-8. It is clear from the petition that Savage has failed to exhaust state remedies with respect to the claims before this court. Specifically, Savage may present his claims for relief in the pending state court proceedings.

The law directs that a 28 U.S.C. § 2254 petition for writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available [to him] in the [state courts]." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that Savage has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Savage's claims without first requiring

that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before November 28, 2005 the petitioner shall show cause why his petition should not be dismissed for failure to exhaust available state remedies.

Done this 10th day of November, 2005.

>**/s/ Delores R. Boyd**
>DELORES R. BOYD
>UNITED STATES MAGISTRATE JUDGE