IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS SAVAGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CV-1076-WKW |
| | ) | |
| D. T. MARSHALL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on November 8, 2005, by Thomas Savage ["Savage"], a county inmate, to challenge an assault charged lodged against him by the Circuit Court of Montgomery County, Alabama. In this petition, Savage alleges that the respondents failed to provide him with evidence favorable to his defense. *Petition for Habeas Corpus Relief* at 5-8. It is clear from the petition that Savage has failed to exhaust state remedies with respect to the claims before this court. Specifically, Savage may present his claims for relief in all state court proceedings, including the trial of his case, on direct appeal and in a Rule 32 post-conviction action.

### DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28

U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A section 2254 petition for habeas corpus relief is not ripe for review by a federal court where the challenged state conviction and sentence are not final at the time of filing. *Maharaj v. Secretary for Department of Corrections*, 304 F.3d 1345, 1348-1349 (11th Cir. 2002); *Younger v. Harris*, 401 U.S. 37, 46 (1971) (federal courts must adhere to the "fundamental policy against federal interference with state criminal proceedings.").

The pleadings and supporting documents establish that Savage has not yet exhausted his available state court remedies. Savage may raise the claims here presented to the state courts in any available state court proceeding. This court does not deem it appropriate to rule on the merits of the asserted claims without requiring that Savage first exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of state court proceedings as this court is presented no "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

**ORDERED that on or before December 27, 2006** the parties may file objections to

the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. WainPrice*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of December, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE