In the United States District Court
for the Middle District of Alabama
Northern Division

Thomas Savage,
   Petitioner,
-Versus-
D.T. Marshall, et al.,
   Respondents.

Case no.# 05-CV-1076-WKW

RECEIVED
2006 DEC 20 A 9:20
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

"Written Objections"

The Petitioner comes now with the Written Objections, hereby, the Petitioner makes the following objections, in opposition to the Recommendation of the Magistrate judge, to wit.,

1) the Respondents are acting under color of State Law, thereby, the Respondents has unlawfully imprison the Petitioner, without afforden the Petitioner substantive due process of efficient., Affidavit, Warrant of Arrest, Complaint, Indictment, thereby, the Respondents has failed to established probable cause, in accordance with Rule 3.4, of the Alabama Rules of Criminal Procedure, further, the Respondents has failed to afford the Petitioner Substantive due process of the State of Alabama Constitution of 1901, thereby,

In the United States District Court
for the Middle District of Alabama
Northern Division

Thomas Savage,
   Petitioner,

-Versus-

D. T. Marshall, et al.,
   Respondents.

Case no.: 05-CV-1076-WKW

RECEIVED
2006 DEC 20  A 9:20
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2) the Respondents has failed to make a ruling on the Petitioner's Motion, State Writ of Habeas Corpus, thereby, the Petitioner are immobilized to exhaust State remedies, with respect to the claims before the Court, thereby,

3) the Respondents are Wrongdoers clothed with authority as State Appointed Attorney, State Deputy District Attorney, State Circuit Court Judge, Knowingly, Willfully, acting in concert to deprive the Petitioner of Life, Liberty, and the Pursuit of Happiness, thereby,

4) the Respondents know that its Affidavit, upon which supported the Warrant of Arrest, Complaint, Indictment, is fatally defective, on its face, moreover, the Respondents know that its Affidavit consisted of nothing more than the Complainant's conclusion, furthermore, the Respondents know

In the United States District Court
for the Middle District of Alabama
    Northern Division

Thomas Savage,
  Petitioner,

-Versus-

    Case no.# 05-CV-1076-WKW

D. T. Marshall, et al.,
  Respondents.

RECEIVED
2006 DEC 20 A 9:
DEBRA P. HACKETT, C
U.S. DISTRICT COUR
MIDDLE DISTRICT AL

that its Affidavit has failed to set out any factual basis for such conclusion, thereby,

5) the Respondents had offered no proof that any additional information was before, G. A. Robinson the State of Alabama Magistrate, from which he could have reach an indepedent conclusion as to the establishment of probable cause, moreover, there is no showing on State record where the State Magistrate, G. A. Robinson, is certified by the State of Alabama Government, to be qualified as State Magistrate, when he attested to the Respondent's Affidavit, Warrant of Arrest, Complaint, thereby,

6) the Petitioner can not arraign defend, plead, effect subpoena purpose, without the Respondents affordden him an efficient., Affidavit, Warrant of Arrest, Complaint, Indictment, that contain on

In the United States District Court
for the Middle District of Alabama
            Northern         Division

Thomas Savage,                )
    Petitioner,               )
-Versus-                      ) Case no: 05-CV-1076-WKW-TFM
D.T. Marshall, et al.,        )
    Respondents.              )

its face material elements of the offense, which the Respondents accused the Petitioner of, thereby,

(7) the State of Alabama, United States Constitution, has clearly set out that: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches, and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized, thereby, the Respondent Affidavit on which the Warrant for the Petitioner arrest, was based, did not support a finding of probable cause, by G. A. Robinson, the issuing Magistrate, thereby,

In the United States District Court
for the Middle District of Alabama
Northern Division

Thomas Savage,
    Petitioner,
- Versus -
D. T. Marshall, et al.,
    Respondents.

Case no.# 05-CV-1076-WKW

8) the Respondent's Affidavit is a mere conclusion, thereby, due to the face of the Respondent's Affidavit has failed to set out any material elements of the offense, thereby, the State of Alabama required that the nature of the offense be explained, so, that the person that is accused of a crime, understands what she or he is accused of, thereby, the provision is similar to Rule 11, of the Federal Rules of Criminal Procedure, real notice of the true nature of the charge is the first and most universally recognized requirement of due process, see Smith -v- O'Grady, 312 U.S. 329, 334, S.Ct. 572, 574, 85 L.Ed. 859, (1941), also see ABA, Standards for Criminal Justice, Pleas of Guilty, comments to 14-1, 9(a)(2d. Ed. 1986); thereby,

In the United States District Court
for the Middle District of Alabama
Northern Division

Thomas Savage,
   Petitioner,

-Versus-

D. T. Marshall, et al.,
   Respondents.

Case no. 05-CV-1076-WKW

Art. I, § 6, of the State of Alabama Constitution of 1901, requires that in all criminal prosecutions the accused has a right to be heard by himself and counsel, thereby,

(9) the Respondent's Affidavit upon which the Warrant of Arrest was issued had not been based upon probable cause, thereby, the Respondent's Affidavit and Warrant of Arrest would have been a mere nullity and the Petitioner's Motion to Quash, would have been properly granted, thereby, the State Appointed Attorney could not be properly arraigned to defend, plead, effect subpoena purpose, thereby, there is no showing on State Court record where the State Appointed Attorney ever file a Motion for More Definite Statement, thereby,

In the United States District Court
for the Middle District of Alabama
           Northern           Division

Thomas Savage,           )
    Petitioner,          )
- Versus -               ) Case no.# 05-cv-1076-WKW
D.T. Marshall, et al.,   )
    Respondents.         )

the Petitioner's State Appointed Attorney was only saying goo-goo gah-gah, in the Circuit Court of Montgomery County, Alabama, thereby, it is common sense, to acknowledge, that no one could put up a defense, against a criminal charge, when it's only a mere conclusion, not even, F. Lee Bailey, thereby,

(10) A State Constitutional Question exists, as to how the Grand jurors of Montgomery County, Alabama, found a True Bill, when there is no material elements of the alleged offense, thereby, the Respondents pick a bunch of mental retards, thereby, the jurors was unconstitutional selected or did the Respondents abuse its authority, thereby,

In the United States District Court
for the Middle District of Alabama
            Northern Division

Thomas Savage,                )
    Petitioner,                )
                               ) Case no. # 05-CV-1076-WKW
-Versus-                       )
D.T. Marshall, et al.,         )
    Respondents.               )

(11) the Federal Government appropriate proceeds, to the State Government, for its function, thereby, the Respondents is collecting proceeds, each time the Petitioner is counted as a prisoner, of Montgomery County Detention Facility, but, the Respondents has not contribute any of the proceeds, to the Petitioner, thereby, the abolition of slavery is officially, on December 28, 1865, may peace be upon, Abraham Lincoln, thereby, the Respondents has violated Laws, Treaties, Constitution of the State of Alabama, United States,

(12) a single seventy-two hours detention is allowable, with probable cause, if there is showing of good cause, for such detention, thereby, the record will show that the Petitioner had file many Motions, State Writs, with the Circuit Court of Montgomery County, Alabama,

In the United States District Court
for the Middle District of Alabama
Northern Division

Thomas Savage,
   Petitioner,
-Versus-
                        Case no. # 05-CV-1076-WKW
D.T. Marshall, et al.,
   Respondents.

with respect to the same claims, before the Court, that are dated the Month of June, July, of 2005, thereby, the Respondents had amply time to consider and determine its ruling on the claims before the Court, thereby, it would be pure manifest injustice, to prolong the Petitioner of Life, Liberty, and the Pursuit of Happiness, when there is no showing where the Respondents established probable cause, thereby,

13) the Respondents are subjecting the Petitioner to cruel an ususual punishment, which are contrary to the Petitioner's First, Fourth, Fifth, Sixth, Eighth, Fourteenth Amendment rights to both the State of Alabama, and the United States Constitution,

Wherefore, the Petitioner prays that the Court grant the Written Objections, sustain the Petitioner's objections, withdraw its recommendation, order the Respondents to show cause,

                                      Thomas Savage
                                        Petitioner

the Def

the ~
the alleged victim injuries were non-life threatening that she was able to speak and that she could be interviewed at the time she was being transported to the Hospital, but, nevertheless, Corporal, Humphrey, advised that he did not take a recorded statement from her, thereby,

"Certificate of Service"

Hereby, Petitioner served a copy of the Motion to Amendment, Written Objections, upon Respondents' Attorney, whose name is Troy King, whose address is 101 South Union Street, Montgomery, Alabama, zip code 36104, by placing a copy of the same, into the U.S. Mail Service, for prompt service thereof, during this the 17th day of December, 2006,

                                Thomas Savage
                                Petitioner

Petitioner's address
M.C.D.F.
P.O. Box 4599
Montgomery, Alabama 36104,

Booking no.# 84966